UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANTHONY P. KEYTER, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-518-B-W |
| | ) |
| BARACK OBAMA and | ) |
| CABINET OF THE PRESIDENT, | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

Anthony Keyter of Gig Harbor, Washington, has filed three separate actions with this court, each of them captioned as "Criminal Charges Lodged Against" certain individuals and/or institutional entities. This case is captioned as a criminal complaint against the "President Barack Obama and Cabinet." The other two cases are brought against "Justices of the US Supreme Court" and "Senators and Representatives of the 111th Congress." The filings were not accompanied by the required $350.00 filing fee nor an application to proceed in forma pauperis. On October 14, 2009, I entered an order informing Keyter that if he wished to proceed with this matter he must pay the individual filing fee or complete, under oath, applications to proceed in forma pauperis for each case and that otherwise, his cases faced dismissal for failure to properly comply with the filing fee/in forma pauperis application requirements. I also cautioned that notwithstanding payment of the filing fee or approval to proceed in forma pauperis, a complaint may be dismissed at any stage of the proceedings if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief under either 28 U.S.C. § 1915(e)(2)(B) or Rule 12(b)(6) of the Federal Rules of Civil

Procedure.[1] Keyter was given until November 2, 2009, to comply with this order or face summary dismissal.

Keyter has not complied with the order[2] and I now recommend that the court dismiss this action for lack of prosecution.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 6, 2009.

---

[1] I observed that Keyter has already been the recipient of at least one order prohibiting further filings in the Western District of Washington relating to the subject matter of his claims against then President Bush allegedly arising out of the president's reckless disregard of his duties by not prosecuting various individuals in the State of Washington. Keyter v. 230 Government Officers, 372 F.Supp.2d at 611; see also Keyter v. McCain, No. CV-05-1923-PHX-DGC, 2006 WL 120322, 4 (D.Ariz. Jan. 13, 2006). Keyter might well consider the impact of these prior rulings before he invests $1,050.00 in filing fees related to these three cases or otherwise attempts to have these matters processed in this court. Repeated filing of frivolous pleadings will result in the issuance of an order prohibiting further filings on this court's docket. See, e.g., Keyter v. 535 Members of 110th Congress, 277 Fed.Appx. 825 at 827-28.

[2] On October 28, 2009, Keyter filed in each case a motion for preliminary injunction (Doc. No. 3) and on October 29, 2009, he filed a motion for the arrest of the defendants (Doc. No. 4). These motions are frivolous. Keyter has also filed "additional attachments" (Doc. No. 5) which asks the court to docket these complaints as criminal complaints; as a private citizen Keyter cannot bring these actions as criminal complaints in federal court. See Keenan v. McGrath, 328 F.2d 610 (1st Cir. 1964); accord Cok v. Consentino, 876 F.2d 1, 2 (1st Cir. 1989).